## BLUFORD v. CANADA.

### No. 42.

District Court, W. D. Missouri, Central Division.

Jan. 24, 1941.

See, also, D.C., 32 F.Supp. 707.

Charles H. Houston, of Washington, D. C., L. Amasa Knox, Charles H. Calloway, James H. Herbert, and Carl R. Johnson, all of Kansas City, Mo., and Sidney R. Redmond, of St. Louis, Mo., for plaintiff.

Rubey M. Hulen, of Columbia, Mo., Kenneth Teasdale, of St. Louis, Mo., and William S. Hogsett, of Kansas City, Mo., for defendant.

COLLET, District Judge.

The record discloses that the final judgment in favor of the defendant and against the plaintiff in the above entitled cause was entered on October 24, 1940. On December 5, 1940, plaintiff filed her notice of appeal in due form. On the same date the Clerk duly notified the defendant of the filing of that notice. On January 24, 1941, plaintiff filed her motion for extension of time for the filing and designation of the record, the transcript of the record and statement of errors provided for in Rule 75 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. No previous order has been requested or made by the court extending the time within which the record on appeal provided for in Rule 75 should be filed with the appellate court. The present request for the extension of time for the preparation and filing of the appeal provided for in Rule 75 was, as noted above, filed 49 days after the date of the filing of the notice of appeal. The question is whether, under these circumstances, the trial court has the authority to grant the present motion.

While it may be safely assumed that the plaintiff was entitled to 90 days from the date of the final judgment within which to give her notice of appeal, yet under Rule 73(g) the 40 days within which the record must be filed begins to run from the date of the filing of the notice of appeal and not from the final date on which the plaintiff could have given her notice of appeal. Hence, under the rule last referred to, the request for the extension of time provided for in Rule 73(g) must be made "before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order." There being no previous extension, the present request for extension must obviously have been made within 40 days from the date of the filing of the notice of appeal, to-wit, December 5, 1940. It necessarily follows that the present motion for extension being made 49 days after the date upon which the notice of appeal was filed, comes too late.

The grounds stated in the present motion for extension are entirely adequate to justify the granting of that motion. That motion would be granted if the court had the authority to do so. By the plain provisions of Rule 73(g), the court has no such authority and may exercise no discretion in the matter.

For the reasons stated, the motion for extension of time filed on this date should be and is hereby overruled.